Dear Mayor Hebron:
You advise this office that the Town of Ball appoints three members to the Rapides Parish Waterworks District #3 Board. Members of the board by law receive a per diem payment based on their attendance at board meetings. One of the Town of Ball appointees to the waterworks district board has been elected Constable for Ward 10 of Rapides Parish. This election prompts your two questions to this office, as restated:
 1. Is there any violation of dual officeholding law presented under the circumstances?
 2. Can the newly elected constable continue to receive per diem payments for her service as board member after she is sworn in as Constable on January 1, 2003?
Resolution of your first question requires reference to the Dual Officeholding and Dual Employment Laws R.S. 42:61 et seq. specifically, R.S. 42:63(D) providing:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The position of commissioner of Waterworks District #3 of the Parish of Rapides is created by R.S. 33:3811. Membership on the board governing the district constitutes a part-time local appointive office within a political subdivision of the state for purposes of dual officeholding.[1]
The prohibition of R.S. 42:63(D) quoted above does not prohibit an individual from simultaneously holding a local elective office and part-time local appointive office; rather, the prohibition applies only to an elected official holding a full-time appointive office.
In response to your second question, note that R.S.33:3819 prohibits the payment of a per diem to a commissioner of a waterworks district for attending meetings where the commissioner is an elected official. The statute pertinently provides:
§ 3819. Meetings of commissioners; meeting place; absences; compensation
 Per diem provided by this Section shall be paid out of the district funds in the hands of the treasurer; however, no elected official serving as a member of the board of commissioners shall receive any per diem for attending meetings of the board.
We conclude that the newly elected constable may serve as waterworks board member, but may not receive a per diem for doing so.
Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:62 provides the following definitions:
(4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week.
(5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.